FILED

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

'04 DEC 10 P 12: 22

CIVIL ACTION NO.

|  |  |
|---|---|
| DAVID BREMNER, Individually and as Father and Next Friend of MOLLY BREMNER, and VICKI BAKER | ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| A.B. CHANCE COMPANY and HUBBELL INCORPORATED | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

Plaintiffs Claim Trial by Jury

**04 - 40253FDS**

Plaintiffs David Bremner, individually and as father and next friend of Molly

Bremner, and Vicki Baker, complaining of the defendants, allege as follows:

    1.    Plaintiffs David Bremner and Vicki Baker, husband and wife, and their

minor daughter, Molly Bremner, are citizens of the Commonwealth of Massachusetts.

    2.    Defendant A.B. Chance Company, (hereafter "Chance"), is a Delaware

corporation with its principal place of business in Missouri.

    3.    Defendant Hubbell Incorporated (hereafter "Hubbell"), is a Delaware

corporation with its principal place of business in Connecticut.

    4.    Chance is a wholly owned subsidiary of Hubbell.

    5.    At all times relevant hereto, Chance and Hubbell were registered to do

business and regularly did business in the Commonwealth of Massachusetts, including

Suffolk County, and derived substantial revenue therefrom.

RECEIPT # 404469
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED
BY DPTY. CLK. ___
DATE 12-10-04

6.     Jurisdiction is based upon 28 U.S.C. § 1332 in that there is diversity of citizenship and the amount in controversy exceeds $75,000.

7.     Chance and Hubbell are engaged in the development, design, assembly, testing, inspection, manufacture, distribution and sale of electric utility products, including cutouts intended to protect against faults and over-current conditions on electrical utility power distribution systems.

8.     At all times relevant hereto, Chance and Hubbell were engaged in the solicitation and transaction of business within Massachusetts with respect to the sale and use of their products, including cutouts, in the ordinary course of commerce and trade, and the use thereof resulted in physical injury to the plaintiff David Bremner.

9.     On June 22, 2002, David Bremner, in the course of his employment as a line department crew leader with Massachusetts Electric, was installing grounds for the purpose of replacing a padmounted transformer at a utility pole on Fredette Street in Gardner, Massachusetts.

10.    Mr. Bremner was in the process of grounding at the low side (or load side) of an open fuse cutout when a flash occurred.

11.    The cutout was manufactured and sold by Chance.

12.    The flash occurred due to a crack in the porcelain body of the cutout.

13.    Mr. Bremner was severely burned.

## COUNT I
## NEGLIGENCE – ALL DEFENDANTS

14.    Plaintiff David Bremner incorporates and repeats the allegations set forth in the prior paragraphs as though fully set forth herein.

2

15.    At all times relevant hereto, David Bremner was employed as a line department crew leader at Massachusetts Electric.

16.    At all times relevant hereto, defendants acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of the defendants.

17.    At all times relevant hereto, defendants were engaged directly or indirectly in the development, assembly, testing, inspection, design, manufacture, production, sale and marketing of fuse cutouts which they knew, or in the exercise of due care should have known, would be used in the manner in which the failed cutout actually was used by David Bremner.

18.    At all times relevant hereto, Massachusetts Electric utilized fuse cutouts designed, manufactured, provided, sold, distributed, marketed and promoted by the defendants in a manner that was consistent with their intended use.

19.    Defendants' fuse cutouts, including the cutout involved in this incident, reached David Bremner's place of employment and were installed by Massachusetts Electric without significant alteration or modification from the condition in which they were sold by Chance.

20.    Defendants knew or should have known that David Bremner's use of and/or exposure to its fuse cutouts would expose him to a risk of electrocution, burns, serious injury or death and, in view of such knowledge, defendants were under a duty to properly and adequately design, manufacture, assemble, test, inspect, label and package, distribute and sell, and to place in the channels of commerce and trade the porcelain fuse cutout in a reasonably safe condition so as not to present a danger to those members of

3

the general public who reasonably and expectedly, under ordinary circumstances, would come in contact with it, and to properly and adequately warn forseeable users of all the risks and dangers inherent in its use and misuse, and to provide adequate and proper instructions for the safe use thereof.

21.     While performing his employment duties and responsibilities, David Bremner used and was exposed to the defendants' fuse cutouts as a normal and customary part of his employment.

22.     David Bremner was a person who would reasonably have been expected to use, contact, be exposed to and be affected by the defendants' fuse cutouts.

23.     As a direct and proximate result of David Bremner's contact with one of the defendants' fuse cutouts, he suffered burns, disabling physical injuries and psychological injuries.

24.     Defendants knew, or in the exercise of reasonable care should have known, that contact with its fuse cutouts would create a dangerous and unreasonable risk of electrocution, burns, serious injury or death.

25.     Despite the facts set forth above, the defendants negligently, recklessly and intentionally:

        a)  designed, manufactured, produced, sold, marketed, tested and/or otherwise placed in the stream of commerce, fuse cutouts which defendants knew, or in the exercise of reasonable care should have known, were defective, dangerous, ultra hazardous and otherwise unreasonably harmful to the plaintiff and others similarly situated;

4

b)  failed to take reasonable precautions or otherwise warn plaintiff adequately of the risks, dangers and harm to which plaintiff would be exposed from contact with the defendants' fuse cutouts;

c)  failed to provide information or safe and sufficient safeguards, instruction, equipment, attachments, furnishings and/or appliances to protect plaintiff from being injured by defendants' fuse cutouts;

d)  ignored and/or suppressed complaints, reports, information, studies, tests, data and literature concerning the dangers of their fuse cutouts;

e)  continued to subject David Bremner and other persons similarly situated to the risk of grievous injuries which risk defendants knew, or in the exercise of reasonable care should have known, was a consequence of exposure to their fuse cutouts;

f)  failed to develop and market substitute fuse cutouts;

g)  failed to recall their fuse cutouts;

h)  failed to advise David Bremner, his employer, and other persons and entities similarly situated to cease further use of their fuse cutouts;

i)  failed to test for and discover the hazards posed by use and/or contact with defendants' fuse cutouts; and

j)  defendants otherwise acted negligently, recklessly and with intentional disregard for the welfare of David Bremner and other persons similarly situated in designing, producing, selling, marketing, testing and or otherwise placing in the stream of commerce their fuse cutouts.

26.    As a direct and proximate result of the negligent acts and omissions of the defendants, David Bremner suffered severe burns, disabling physical injuries, as well as psychological injuries; has spent sums of money for medical care related thereto; has incurred economic loss; has been prevented and will be prevented from pursuing his normal activities and employment; has experienced severe pain and suffering, emotional distress and mental anguish related to the injuries; and has been deprived of his ordinary pursuits and enjoyment of life.

## COUNT II
## BREACH OF WARRANTY – ALL DEFENDANTS

27.    Plaintiff David Bremner incorporates and repeats the allegations set forth in the prior paragraphs as though fully set forth herein.

28.    Defendants expressly or impliedly warranted to the general public and to the plaintiff David Bremner, as a foreseeable user, that their fuse cutouts were merchantable, reasonably fit for use, and safe for their intended purpose.

29.    Defendants breached said warranties in that their fuse cutouts were not merchantable, not reasonably fit for use and not safe for their intended purposes.

30.    David Bremner relied upon the defendants' express and implied warranties.

31.    As a direct and proximate result of defendants' breach of express and/or implied warranties, David Bremner suffered severe burns, disabling physical injuries, as well as psychological injuries; has spent sums of money for medical care related thereto; has incurred economic loss; has been prevented and will be prevented from pursuing his normal activities and employment; has experienced severe pain and suffering, emotional

distress and mental anguish related to his injuries; and has been deprived of his ordinary pursuits and enjoyments of life.

## COUNT III
## MISREPRESENTATION – ALL DEFENDANTS

32.    Plaintiff David Bremner incorporates and repeats the allegations set forth in the prior paragraphs as though fully set forth herein.

33.    Defendants negligently and intentionally misrepresented to David Bremner, and other persons similarly situated, and otherwise failed to disclose, the catastrophic risks created by the ordinary and intended use of and contact with their fuse cutouts.

34.    David Bremner reasonably and forseeably relied upon said representations.

35.    As a direct and proximate result of the defendants' negligent and/or intentional misrepresentations, the plaintiff David Bremner suffered severe burns, disabling physical injuries, as well as psychological injuries; sums of money for medical care related thereto; has incurred economic loss; has been prevented and will be prevented from pursuing his normal activities and employment; has experienced severe pain and suffering, emotional distress and mental anguish related to the injuries; and has been deprived of his ordinary pursuits and enjoyments of life.

## COUNT IV
## BREACH OF CONTRACT – ALL DEFENDANTS

36.    Plaintiff David Bremner incorporates and repeats the allegations set forth in the prior paragraphs as though fully set forth herein.

7

37.    At all times relevant hereto, Chance and Hubbell held themselves out to Massachusetts Electric as selling, producing, manufacturing, assembling and delivering fuse cutouts and, in consideration of monies paid by Massachusetts Electric, sold and provided Massachusetts Electric with fuse cutouts, including the cutout that caused injury to David Bremner.

38.    David Bremner, as an employee of Massachusetts Electric, was a reasonably foreseeable and direct beneficiary of the contract between Massachusetts Electric and Chance and Hubbell.

39.    Chance and Hubbell breached their agreement with Massachusetts Electric by reason of the following acts and omissions:

    a)  sold to Massachusetts Electric fuse cutouts which defendants knew, or in the exercise of reasonable care should have known, were defective, dangerous, ultra hazardous and otherwise unreasonably harmful to foreseeable users;

    b)  failed to take reasonable precautions or otherwise warn Massachusetts Electric adequately of the risks, dangers and harms to which foreseeable users would be exposed from contact with the defendants' fuse cutouts;

    c)  failed to provide information or safe and sufficient safeguards, instruction, equipment, attachments, furnishings and/or appliances to Massachusetts Electric to protect foreseeable users from being injured by defendants' fuse cutouts;

d)  ignored and/or suppressed complaints, reports, information, studies, tests, data and literature concerning the dangers of their fuse cutouts;

e)  continued to subject employees of Massachusetts Electric to the risk of grievous injuries which risk defendants knew, or in the exercise of reasonable care should have known, was a consequence of exposure to their fuse cutouts;

f)  failed to develop and market substitute fuse cutouts;

g)  failed to recall their fuse cutouts;

h)  failed to advise Massachusetts Electric to cease further use of their fuse cutouts;

i)  failed to test for and discover the hazards posed by use and/or contact with defendants' fuse cutouts; and

j)  defendants otherwise acted recklessly and with intentional disregard for the welfare of Massachusetts Electric employees in designing, producing, selling, marketing, testing and or otherwise placing in the stream of commerce their fuse cutouts.

40.    As a result of the defendants' breach of contract, David Bremner was directly and proximately caused to sustain severe burns, disabling physical injuries, as well as psychological injuries; has spent sums of money for medical care related thereto; has incurred economic loss; has been prevented and will be prevented from pursuing his normal activities and employment; ; has experienced severe pain and suffering, emotional distress and mental anguish related to his injuries; and has been deprived of his ordinary pursuits and enjoyments of life.

9

## COUNT V
## STRICT LIABILITY – ALL DEFENDANTS

41.     Plaintiff David Bremner incorporates and repeats the allegations set forth in the prior paragraphs as though fully set forth herein.

42.     Defendants are strictly liable to the plaintiff David Bremner by reason of the following:

        a)  defendants were engaged in the business of manufacturing, designing, producing, marketing, merchandising, selling, supplying and distributing fuse cutouts;

        b)  defendants sold or otherwise placed their fuse cutouts into the stream of commerce in a defective condition, unreasonably dangerous to the plaintiff David Bremner and other persons similarly situated;

        c)  defendants' fuse cutouts reached the plaintiff David Bremner and other users and consumers without substantial alteration or modification in the condition in which they were sold;

        d)  the fuse cutouts were defectively designed; they were marketed with manufacturing defects; they contained inadequate warnings and the risk relating thereto outweighed their utility as marketed; and

        e)  the ordinary and foreseeable use of the defendants' fuse cutouts created an unreasonable risk of injury to the users.

43.     As a direct and proximate result of David Bremner's use of said defective products, he was caused to suffer severe burns, disabling physical injuries, as well as psychological injuries; has spent sums of money for medical care, treatment and monitoring related thereto; has incurred economic loss; has been prevented and will be

10

prevented from pursuing his normal activities and employment; has experienced severe

pain and suffering, emotional distress and mental anguish related to the injuries; and has

been deprived of his ordinary pursuits and enjoyments of life.

## COUNT VI
## VIOLATION OF G.L. c. 93A – ALL DEFENDANTS

44.    Plaintiff David Bremner incorporates and repeats the allegations set forth

in the prior paragraphs as though fully set forth herein.

45.    The acts, omissions and breaches of warranty by Chance and Hubbell as

alleged above constitute deceptive acts or practices within the meaning of G.L. c. 93A §§

2 and 9, 940 C.M.R. 3.05(1) and 940 C.M.R. 3.16(3). The acts, omissions and breaches

of warranty alleged above were willingly and knowingly made.

46.    The acts, omissions and breaches of warranty alleged above substantially

took place in Massachusetts.

47.    As a direct and proximate result of Chance's and Hubbell's violations of

G.L. c. 93A, 940 C.M.R. 3.05(1) and 940 C.M.R. 3.16(3), David Bremner was caused to

suffer severe burns, disabling physical injuries, as well as psychological injuries; has

spent sums of money for medical care, treatment and monitoring related thereto; has

incurred economic loss; has been prevented and will be prevented from pursuing his

normal activities and employment; has experienced severe pain and suffering, emotional

distress and mental anguish related to the injuries; and has been deprived of his ordinary

pursuits and enjoyments of life.

## COUNT VII
## LOSS OF SPOUSAL SOCIETY AND CONSORTIUM

11

48.     Plaintiff Vicki Baker incorporates and repeats the allegations set forth in the prior paragraphs as though fully set forth herein.

49.     At all times relevant hereto, plaintiff Vicki Baker was, and still is, the lawful wife of plaintiff David Bremner.

50.     By reason of the aforesaid, and as a direct and proximate result of the defendants' negligence, breach of warranty, misrepresentation, violation of G.L. c. 93A, and of her husband's use of the defendants' defective product, Vicki Baker has been, and will continue to be, deprived of the support, society, care, consortium, companionship and services of her husband.

51.     Vicki Baker has been required, is required, and will continue to be required, to perform many tasks and functions formerly performed by and/or shared with her spouse, and she has been otherwise damaged.

### COUNT VII
### LOSS OF PARENTAL SOCIETY

52.     Plaintiff David Bremner, as father and next friend of Molly Bremner, repeats the allegations set forth in the prior paragraphs as though fully set forth herein.

53.     Molly Bremner is the minor daughter of the plaintiff David Bremner.

54.     By reason of the aforesaid, and as a direct and proximate result of the defendants' negligence, breach of warranty, misrepresentations, violation of G.L. c. 93A, and of her father's use of the defendants' defective product, Molly Bremner has been, and will continue to be, deprived of the support, society, care, companionship and services of her father.

## DEMAND FOR RELIEF

WHEREFORE, plaintiffs David Bremner, individually and as father and next friend of Molly Bremner, and Vicki Bremner request that this Court award them compensatory damages against defendants A.B. Chance Company and Hubbell Incorporated, plus interest, costs and attorney fees. The plaintiffs also demand attorney's fees and multiple damages as provided by G.L. c. 93A, and such other and further relief and the Court may deem appropriate.

### Jury Claim

Plaintiffs hereby claim a trial by jury.

Keith Halpern
BBO# 545282
4 Longfellow Place
37th Floor
Boston, MA 02114
(617) 722-9952

04-40253

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
BREMNER, DAVID
BAKER, VICKI

**DEFENDANTS**
A.B. CHANCE COMPANY
HUBBELL INCORPORATED

**(b)** County of Residence of First Listed Plaintiff  WORCESTER
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KEITH HALPERN
4 Longfellow Place, Suite 3703 Boston MA 02114
(617) 722-9952

Attorneys (If Known)

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | Security Act | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**  (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1332 - Diversity - Severe burns caused by defective electrical product

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  12/3/04

SIGNATURE OF ATTORNEY OF RECORD
Keith Halpern

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## 04-40253

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) *David Bremner v. A.B. Chance Company*

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    [X]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]   NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

    YES [ ]   NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]   NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]   NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [X]   NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]     Central Division [X]     Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]     Central Division [ ]     Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME *Keith Halpern*

ADDRESS *4 Longfellow Place, Suite 3703 Boston MA 02114*

TELEPHONE NO. *(617) 722-9952*

(Coversheetlocal.wpd - 10/17/02)